**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | |
|---|---|
| **HARDIE-TYNES, CO., INC.,** )<br>)<br>**Plaintiff,** )<br>)<br>v. )<br>)<br>**SKF USA, INC.,** )<br>)<br>**Defendant.** ) | **Case No.: 2:16-CV-1417-VEH** |

## MEMORANDUM OPINION AND ORDER

### I. Introduction

Pending before the court is Plaintiff Hardie-Tynes, Co., Inc.'s ("Hardie-Tynes") most recently filed Motion for Leave To Amend Complaint (Doc. 31) (the "Motion"), which seeks to add a claim for fraudulent suppression against Defendant SKF USA, Inc. ("SKF") pursuant to Rule 15(a)(2). (Doc. 31 at 1-2 ¶ 1); (*see also* Doc. 31-1 at 9-12 ¶¶ 31-46). SKF opposed the Motion (Doc. 33) on April 6, 2017, on several different grounds, including futility. Hardie-Tynes followed with its reply (Doc. 35) on April 13, 2017. For the reasons discussed below, Hardie-Tynes's Motion is **DENIED**.

### II. Standard

"The court should freely give leave [to amend a complaint] when justice so

requires[,]" FED. R. CIV. P. 15(a)(2), but "need not" do so "where amendment would be futile." *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001). Amendment is futile when "the complaint as amended is still subject to dismissal." *Hall v. United Insurance Co.*, 367 F.3d 1255, 1263 (11th Cir. 2004) (internal quotation marks omitted) (quoting *Burger King Corp. v. Weaver*, 169 F.3d 1310, 1320 (11th Cir. 1999)); *see also St. Charles Foods, Inc. v. America's Favorite Chicken Co.*, 198 F.3d 815, 822 (11th Cir. 1999) ("When a district court denies the plaintiff leave to amend a complaint due to futility, the court is making the legal conclusion that the complaint, as amended, would necessarily fail."). Thus, the Rule 12(b)(6) standard is an integral component of the futility doctrine. *See B.D. Stephenson Trucking, L.L.C. v. Riverbrooke Capital*, No. 5:06-CV-0343-WS, 2006 WL 2772673, at *6 (S.D. Ala. 2006) ("[T]hus, if the amended complaint could not survive Rule 12(b)(6) scrutiny, then the amendment is futile and leave to amend is properly denied." (citing *Burger King*, 169 F.3d at 1320)).

A Rule 12(b)(6) motion attacks the legal sufficiency of the complaint. *See* FED. R. CIV. P. 12(b)(6) ("[A] party may assert the following defenses by motion: (6) failure to state a claim upon which relief can be granted[.]"). The Federal Rules of Civil Procedure require only that the complaint provide "'a short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is

2

and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47, 78 S. Ct. 99, 103, 2 L. Ed. 2d 80 (1957) (footnote omitted) (quoting FED. R. CIV. P. 8(a)(2)), *abrogated by Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556, 127 S. Ct. 1955, 1965, 167 L. Ed. 2d 929 (2007); *see also* FED. R. CIV. P. 8(a) (setting forth general pleading requirements for a complaint including providing "a short and plain statement of the claim showing that the pleader is entitled to relief").

While a plaintiff must provide the grounds of his entitlement to relief, Rule 8 does not mandate the inclusion of "detailed factual allegations" within a complaint. *Twombly*, 550 U.S. at 555, 127 S. Ct. at 1964 (quoting *Conley*, 355 U.S. at 47, 78 S. Ct. at 103). However, at the same time, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Twombly*, 550 U.S. at 563, 127 S. Ct. at 1969.

"[A] court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679, 129 S. Ct. at 1950. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* "When there are well-pleaded factual allegations, a court

should assume their veracity and then determine <u>whether they plausibly give rise to an entitlement to relief</u>." *Id.* (emphasis added). "Under *Twombly*'s construction of Rule 8 . . . [a plaintiff's] complaint [must] 'nudge[] [any] claims' . . . 'across the line from conceivable to plausible.' *Ibid.*" *Iqbal*, 556 U.S. at 680, 129 S. Ct. at 1950-51.

A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556, 127 S. Ct. at 1965).

Finally, the Eleventh Circuit "review[s] the district court's denial of a motion to amend a complaint for abuse of discretion." *Steger v. General Electric Company*, 318 F.3d 1066, 1080 (11th Cir. 2003); *see also Henson v. Columbus Bank and Trust Co.*, 770 F.2d 1566, 1574 (11th Cir. 1985) ("A district court has great discretion when determining whether an amendment to the complaint should be allowed once responsive pleadings have been filed.").

### III. Analysis

As mentioned above, Hardie-Tynes's Motion seeks to add a claim of fraudulent suppression to its complaint. The elements of fraudulent suppression claim under

4

Alabama law are "(1) that [SKF] had a duty to disclose the existing material fact; (2) that [SKF] suppressed this material fact; (3) that [SKF]'s suppression of this fact induced her to act or to refrain from acting; and (4) that [Hardie-Tynes] suffered actual damage as a proximate result." *State Farm Fire & Cas. Co. v. Owen*, 729 So. 2d 834, 837 (Ala. 1998) (citing *Booker v. United American Ins. Co.*, 700 So. 2d 1333, 1339 (Ala. 1997)). Additionally, the Code of Alabama clarifies that:

> Suppression of a material fact which the party is under an obligation to communicate constitutes fraud. The obligation to communicate may arise from the confidential relations of the parties or from the particular circumstances of the case.

Ala. Code § 6-5-102.

SKF raises four reasons why the court should deny the Motion: (1) Hardie-Tynes's fraudulent suppression claim "is so confusing as to render a meaningful response nearly impossible" (Doc. 33 at 3 (underlining omitted)); (2) "[Hardie-Tynes] has not properly pled the purportedly suppressed material fact(s)" pursuant to the requirements of FED. R. CIV. P. 9(b) (Doc. 33 at 4 (underlining omitted)); (3) "SKF had no duty to disclose the purported material fact(s)" (*id.* at 5 (underlining omitted)); and (4) Hardie-Tynes's complaint lacks allegations showing "other circumstances … [to support] a duty to disclose[.]" (*Id.* at 8 (underlining omitted)). The court turns to SKF's third and fourth arguments first and finds, as discussed in more detail below,

5

that Hardie-Tynes's fraudulent suppression claim is futile due to the absence of facts establishing a plausible duty to disclose.

"The question whether a party had a duty to disclose is a question of law to be determined by the trial court." *Barnett v. Funding Plus of Am., Inc.*, 740 So. 2d 1069, 1074 (Ala. 1999) (citing *Owen*, 729 So. 2d at 838). In deciding this threshold issue, a court must consider:

> (1) the relationship of the parties; (2) the relative knowledge of the parties; (3) the value of the particular fact; (4) the plaintiff's opportunity to ascertain the fact; (5) the customs of the trade; and (6) other relevant circumstances.

*Owen*, 729 So. 2d at 842-43; *see also Sirmon v. Wyndham Vacation Resorts, Inc.*, 922 F. Supp. 2d 1261, 1285 & n.19 (N.D. Ala. 2013) (same) (citing *Owen*, 729 So. 2d at 842-43). Concerning parties that have a commercial relationship, the Supreme Court of Alabama has recognized that "[w]hen the parties to a transaction deal with each other at arm's length [and] with no confidential relationship, no obligation to disclose arises when information is not requested." *Bama Budweiser of Montgomery, Inc. v. Anheuser-Busch, Inc.*, 611 So. 2d 238, 246 (Ala. 1992) (citing *Norman v. Amoco Oil Co.*, 558 So. 2d 903 (Ala. 1990)).

The court has studied Hardie-Tynes's proposed amended complaint (Doc. 31-1) and concurs with SKF that the pleading lacks plausible facts to show that Hardie-

Tynes and SKF had a confidential relationship. (Doc. 33 at 8). Additionally, the proposed amended complaint reflects that Hardie-Tynes and SKF dealt with each other in an arms-length manner. (*See* Doc. 31-1 at 5 ¶ 17 ("Under the terms of the June 16, 2011, Purchase Order issued by Hardie-Tynes to SKF, the Seller (SKF) was to: . . . .")). Finally, nothing alleged in the amended complaint plausibly establishes that "[Hardie-Tynes] requested any information from SKF or that SKF failed to disclose any information requested of it." (Doc. 33 at 8 (emphasis omitted)).

In reply, Hardie-Tynes does not dispute SKF's description of the allegations contained in the proposed amended complaint, the parties' arms-length dealings with each other, or the holding in *Bama*. Hardie-Tynes, instead, contends that the court should disregard the authorities cited by SKF, including *Bama*, because they were not decided on a Rule 12(b)(6) record. (Doc. 35 at 7-8). In making this argument, however, Hardie-Tynes has not cited to any case which shows that it would be error for this court to rely upon summary judgment opinions when deciding the plausibility of Hardie-Tynes's fraudulent suppression claim and, more specifically, the sufficiency of the duty-to-disclose element, which issue–as explained above–is a legal matter for the court to resolve. Therefore, the court is unpersuaded by Hardie-Tynes's position that its Motion should be granted merely because the duty-to-disclose section of SKF's opposition lacks examples of cases decided on a Rule 12(b)(6) basis.

Hardie-Tynes also points to the following allegation as sufficient to show fraudulent suppression that would possibly trigger a duty to disclose under Alabama law: "Good news SKF has many years experience with plain bearings in bridges in Europe and particularly in Holland." (Doc. 35 at 8); (*see also* Doc. 31-1 at 9 ¶ 32). Citing to *Brasher v. Sandoz Pharm. Corp.*, No. CV 98-TMP-2648-S, 2001 WL 36403362 (N.D. Ala. Sept. 21, 2001), Hardie-Tynes states that "[i]n making this representation, SKF undertook a duty to respond truthfully and not to suppress or conceal facts which would qualify this representation." (Doc. 35 at 8); *see also Brasher*, 2001 WL 36403362, at *10 ("[E]ven though one may not have a duty to disclose certain facts, if he 'undertakes to do so, either voluntarily or in response to inquiries, he is bound not only to state truly what he tells, but also not to suppress or conceal any facts within his knowledge which will materially qualify those stated.'" (quoting *Jackson Co. v. Faulkner*, 315 So. 2d 591, 600 (Ala. Civ. App. 1975))).

To the extent that *Brasher* found that Alabama law will impose a duty to disclose based upon a party's voluntarily making misleading statements, the court finds that *Brasher* is significantly distinguishable. First, *Brasher* involved circumstances distinctly different from parties dealing with each other in an arms-length commercial setting. Instead, the plaintiffs in *Brasher* were pursuing fraud claims against a pharmaceutical company defendant for misleading disclosures made

8

about the safety of a particular drug. Additionally, the *Brasher* court evaluated the existence of a duty under the Alabama factors and found that the defendant "had a duty under federal law to disclose certain reports of adverse reactions to the FDA and, thereby, to doctors and patients" and that the defendant had superior knowledge about the adverse risks associated with taking the drug. 2001 WL 36403362, at *10. "Considering all of the factors and 'relevant circumstances' as required by Alabama law, the court [then] f[ou]nd[] that Sandoz had a duty to disclose to prescribing doctors the known hazards of ingesting its drug, and that it failed to do so." 2001 WL 36403362, at *11.

The court has also reviewed the cases upon which *Brasher* is based and finds that they, too, are much different than the commercial circumstances presented here. For example, *Jackson* involved a fraudulent suppression claim by a purchaser of land against a real estate company with superior knowledge about whether the land "was suitable for a septic tank[,]" including the corporate defendant's possession of a letter from the Jefferson County Department of Health withdrawing approval for septic tanks for the subdivision where the lot was located. 315 So. 2d at 599, 593-94. Further, the *Jackson* court made it clear that "[w]e should not be interpreted as holding that a confidential or fiduciary relationship exists between all buyers and sellers." 315 So. 2d at 599.

Even more removed, *Gold Kist, Inc. v. Brown*, 495 So. 2d 540, 541, 542 (Ala. 1986), involved an "appeal[] from an order of the trial court granting a new trial to plaintiffs" on the basis of a juror's misleading response to a question during voir dire. Finally, *Cunningham v. H.A.S. Inc.*, 74 F. Supp. 2d 1157 (M.D. Ala. 1999), merely recognized, citing to *Gold Kist*, that "[t]he failure to tell the whole truth or to give a partially correct answer <u>may</u> be a fraudulent concealment . . . ." *id.* at 1162 n.6 (emphasis added) under Alabama law, but did not delve any further as there was no pleaded fraudulent concealment claim in that action. Therefore, this court finds that *Brasher* and the cases upon which *Brasher* relies are simply inapplicable under the circumstances of this commercial dispute. Instead, *Bama* controls and Hardie-Tynes's fraudulent suppression claim is implausible because no cognizable duty to disclose exists as a matter of Alabama law. Alternatively, in assessing the Alabama factors identified in *Owen*, Hardie-Tynes has not stated facts that are sufficient to plausibly support a duty to disclose based upon other circumstances.

## IV. Conclusion

Thus, Hardie-Tynes's Motion is **DENIED** as futile.

**DONE** and **ORDERED** this the 5th day of June, 2017.

**VIRGINIA EMERSON HOPKINS**
United States District Judge